# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 25-1401, Carrie Conley v. Alan Hirsch |
|---|---|
| **Originating No. & Caption** | 5:24-cv-00731-M-RJ; 5:25-cv-00193-M-RJ |
| **Originating Court/Agency** | U.S. District Court Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1292 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | 04/14/2025 |
| Date notice of appeal or petition for review filed | 04/14/2025 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | 04/15/2025 (stay pending appeal) |
| Date order entered disposing of any post-judgment motion | 04/15/2025 |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ○ Yes      ◉ No |
| If appeal is not from final judgment, why is order appealable? <br> The district court's order is an appealable interlocutory decision under 28 U.S.C. § 1292. | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | 25-1018; 25-1397; 25-1398; 25-1399 | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This case pertains to election protests filed by Judge Griffin in the race for Seat 6 of the Supreme Court of North Carolina. On February 4, 2025, this Court directed the district court to remand the case back to state court under Pullman abstention for proceedings on the relevant state court issues, with the federal district court retaining jurisdiction of all federal issues. On remand, the state's appellate courts ordered that the ballots of certain voters be deemed invalid. |
| For a subset of those voters, the state's appellate courts ordered a 30-day period during which the voter could attempt to "cure" their ballot so it could be counted. With the state proceedings concluded, the case returned to the federal district court. On April 12, in another case the district court denied a request to enjoin the curing of ballots, but enjoined certification of the election. |
| On April 14, Plaintiffs filed their complaint and motion for a temporary restraining order and/or preliminary injunction. The district court denied Plaintiffs' motion on April 14 and, after Plaintiffs' case was consolidated with cases brought by Justice Riggs and others, denied Plaintiffs' motion for a stay pending appeal on April 15. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the District Court erred in failing to enjoin the state court mandated cure process as likely unconstitutional.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Alan Hirsch, Jeff Carmon, Stacy Eggers IV, Kevin N. Lewis, Siobhan O'Duffy (cont'd | Adverse Party: Karen Brinson Bell |
|---|---|
| Attorney: Terrence Steed | Attorney: |
| Address: North Carolina Department of Justice<br>Post Office Box 629<br>Raleigh, North Carolina 27602 | Address: |
| E-mail: tsteed@ncdoj.gov | E-mail: |
| Phone: 9197166567 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Carrie Conley, Lockhart Webb, Ella Kromm, Gabriela Adler-Espino, (cont'd)<br>Attorney: Samuel Jacob Davis<br>Address: Election Law Clinic, Harvard Law School<br>WH Suite 4105<br>6 Everett Street<br><br>E-mail: sadavis@law.harvard.edu<br>Phone: 6318072327 | Name: League of Women Voters of North Carolina<br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |
| **Appellant (continued)** ||
| Name:<br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: | Name:<br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |

Signature: /s/ Samuel Jacob Davis          Date: 04/30/2025

Counsel for: Plaintiffs-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                              Date: